IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATIONAL PUBLIC RADIO, INC.**,<br><br>    1111 North Capitol St. NE<br>    Washington, DC 20002<br><br>and<br><br>**TOM DREISBACH**,<br><br>    c/o National Public Radio, Inc.<br>    1111 North Capitol St. NE<br>    Washington, DC 20002<br><br>                          Plaintiffs,<br><br>v.<br><br>**U.S. DEPARTMENT OF HOMELAND SECURITY**,<br><br>    2707 Martin Luther King Jr. Ave. SE<br>    Washington, DC 20528<br><br>                          Defendant. | Case No.   20-CV-2468 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs National Public Radio, Inc. and Tom Dreisbach (together, "NPR"), by their undersigned counsel, allege as follows:

**INTRODUCTION**

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the release of records from Defendant U.S. Department of Homeland Security ("DHS").

2.  Through FOIA, NPR seeks five years of inspection and investigation reports prepared by DHS's Office for Civil Rights and Civil Liberties ("CRCL"), which describe the

conditions and any alleged abuses at immigration detention facilities supervised by U.S. Immigration and Customs Enforcement ("ICE").

3. DHS located more than a thousand pages of records responsive to NPR's request but has wrongfully withheld them all as exempt from disclosure under FOIA. NPR administratively appealed this determination, and to date, DHS has not provided a complete response to that appeal. DHS should be ordered to comply with its statutory obligations under FOIA and release the requested records immediately.

## PARTIES

4. Plaintiff National Public Radio, Inc. is a non-profit multimedia organization organized under the laws of the District of Columbia with its principal place of business in Washington, DC. It is the leading provider of non-commercial news, information and entertainment programming to the American public. NPR's fact-based, independent journalism helps the public monitor breaking news, follow the most critical stories of the day and track complex issues over the long term. NPR reaches approximately 60 million people on broadcast radio, podcasts, NPR apps, NPR.org, and YouTube video content each week. NPR distributes its radio broadcasts through more than 1,000 non-commercial, independently operated radio stations, licensed to more than 260 NPR members and numerous other NPR-affiliated entities.

5. Plaintiff Tom Dreisbach is an award-winning investigative reporter for NPR, based in California. Among other topics, he reports on the U.S. immigration detention system.

6. Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession and control of the records requested by NPR.

## JURISDICTION AND VENUE

7. This action arises under FOIA. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) & (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

9. Because DHS has failed to make and communicate to NPR a complete determination on its administrative appeal, as discussed in more detail below, NPR is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

## FACTUAL ALLEGATIONS

### DHS's Office for Civil Rights and Civil Liberties' Inspection and Investigation Reports

10. CRCL is responsible for "review[ing] and investigat[ing] civil rights and civil liberties complaints made by the public regarding [DHS] policies and activities." *See* https://www.dhs.gov/file-civil-rights-complaint.

11. As part of these responsibilities, CRCL conducts "intensive site visits" to "ICE detention facilities" and produces reports based on those visits. *See* Homeland Sec. Advisory Council, *Report of the Subcomm. on Privatized Immigration Detention Facilities* (Dec. 1, 2016), https://www.dhs.gov/sites/default/files/publications/DHS%20HSAC%20PIDF%20Final%20Report.pdf at 14.

12. In response to a previous FOIA request from NPR, DHS released CRCL's November 2017 "progress review and investigation" of the Adelanto ICE Processing Center in California (the "Adelanto Report"). A true and correct copy of the Adelanto Report is attached hereto as Exhibit 1.

13. CRCL's Adelanto Report revealed, for example, that:

- the facility failed to meet ICE's own standards for the use of solitary confinement;

- facility staff used pepper spray in a manner that intensified the "burning effect" of the spray; and

- problems with medical care at the facility likely contributed to the death and deformity of detainees.

*See* Tom Dreisbach, *Despite Findings of 'Negligent' Care, ICE To Expand Troubled Calif. Detention Center*, NPR (Jan. 15, 2020), https://www.npr.org/2020/01/15/794660949/despite-findings-of-negligent-care-ice-to-expand-troubled-calif-detention-center.

**NPR's FOIA Request and Appeal**

14. On December 5, 2019, NPR submitted a FOIA request (the "Request") to DHS, seeking all "inspection and investigative reports from CRCL examinations of immigration detention facilities under the auspices of U.S. Immigration and Customs Enforcement (ICE) from January 1, 2014 to December 5, 2019." The Request specifically excluded "personal identifying information about employees and detainees of immigration detention facilities" and "accept[ed] redactions withholding such information." The Request was assigned handling number 2020-HQFO-00296. A true and correct copy of the Request is attached hereto as Exhibit 2.

15. On March 16, 2020, DHS denied the Request. The denial said that, although the agency had identified 1,076 pages of responsive records, it refused to release any of them, citing FOIA Exemptions 5 and 6, 5 U.S.C. § 552(b)(5) & (b)(6). A true and correct copy of DHS's denial of the Request is attached hereto as Exhibit 3.

16. On March 30, 2020, pursuant to 5 U.S.C. § 552(a)(6)(A)(i)(III)(aa), NPR submitted an administrative appeal (the "Appeal") of this initial denial to DHS. The Appeal was

assigned handling number 2020-HQAP-00119.  A true and correct copy of the Appeal is attached hereto as Exhibit 4.

17.     On June 4, 2020, DHS's administrative appellate authority notified NPR that it had remanded the Request back to DHS "for further explanation."  The appellate authority wrote, in pertinent part, that based on the administrative record it "was unable to determine whether" DHS had met its obligation to segregate and produce factual material.  In other words, the appellate authority asked if DHS had "applied Exemption 5 to purely factual information in the responsive documents, which federal courts generally prohibit."  The appellate authority thus remanded the Request for DHS to provide, among other things, "further explanation concerning whether the factual materials should/could be segregated and produced."  The appellate authority directed DHS to provide this explanation within 30 days.  A true and correct copy of this remand letter is attached hereto as Exhibit 5.

18.     On August 20, 2020, the appellate authority notified NPR that DHS "did not respond to [its] inquiry concerning the segregability of the factual statements of the responsive documents," and therefore DHS "did not fully comply with [its] request."  Because the appellate authority determined that "another remand would only delay the final administrative action in this case," it provided NPR with a "letter constituting final agency action," stating NPR may "appeal this matter to Federal District Court to seek further relief."  A true and correct copy of this "final agency action" letter is attached hereto as Exhibit 6.

19.     DHS has to date not produced a single page of records responsive to the Request.

## CLAIM FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief:
### Constructive Denial of NPR's Appeal in Violation of FOIA, 5 U.S.C. § 552

20. NPR realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

21. FOIA requires that within 20 working days of receiving an administrative appeal, an agency must "make a determination" as to that appeal. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

22. DHS received the Appeal on March 30, 2020. Ex. 4 at 1.

23. Pursuant to FOIA, DHS was therefore required to make and communicate to NPR a determination on the Appeal by April 27, 2020. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

24. As of the date of this filing, however, DHS has not made and communicated to NPR a determination on the Appeal. Rather, DHS's administrative appellate authority has expressly notified NPR that it was unable to make a determination on the Appeal. Ex. 6 at 1. NPR is therefore deemed to have exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

25. There is no basis under FOIA to withhold, in whole or in part, the requested CRCL reports. DHS has wrongfully withheld these public records in violation of FOIA.

### REQUEST FOR RELIEF

WHEREFORE, NPR respectfully requests that this Court:

A. Declare DHS's denial of NPR's Request unlawful;

B. Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing DHS to make the requested records available to NPR, redacting only "personal identifying information" about ICE's "employees and detainees";

  C. Award NPR its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

  D. Grant such other and further relief as the Court may deem just and proper.

Dated:  September 3, 2020  Respectfully submitted,

  BALLARD SPAHR LLP

  */s/ Maxwell S. Mishkin*
  Maxwell S. Mishkin (#1031356)
  Emmy Parsons (*admission forthcoming*)
  1909 K Street NW, 12th Floor
  Washington, DC 20006
  Tel: (202) 661-2200
  Fax: (202) 661-2299
  mishkinm@ballardspahr.com
  parsonse@ballardspahr.com

  David J. Bodney (*admission forthcoming*)
  1 East Washington Street, Suite 2300
  Phoenix, AZ 85004
  Tel: (602) 798-5400
  Fax: (602) 798-5595
  bodneyd@ballardspahr.com

  *Counsel for NPR*