UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO and TOM DREISBACH,<br><br>*Plaintiffs*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendant*. | Civ. A. No. 20-2468 (RCL) |

### **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant U.S. Department of Homeland Security ("DHS"), by and through undersigned counsel, hereby answers Plaintiffs' Complaint as follows:

### **First Defense**

The Complaint fails to state a claim upon which relief may be granted.

### **First Defense**

Plaintiffs are not entitled to compel the production of records exempt from disclosure by one or more exemptions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b).

### **Second Defense**

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

### **Defendant's Responses to the Numbered Paragraphs**

Defendant denies each and every allegation contained in the Complaint not expressly admitted in this Answer. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of the litigation.

In response to the specifically enumerated paragraphs as set forth in the Complaint, Defendant admits, denies, and otherwise avers as follows:

1.      Paragraph 1 contains Plaintiffs' characterization of this FOIA action to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs filed the subject FOIA request and Complaint.

2.      Defendant admits that Plaintiffs filed the subject FOIA request.  In response to the allegations that purport to summarize the records sought by the request, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents.  Defendant denies any remaining allegations that purport to characterize or summarize the records sought by the request.

3.      Defendant admits that it located more than 1,000 pages of records responsive to Plaintiffs' FOIA request.  Defendant further admits that in its final response letter, dated March 16, 2020, DHS stated that it had determined to withhold in full all of the responsive records pursuant to FOIA Exemptions 5 and 6.  Defendant denies the allegation that it had not provided a "complete response" to the administrative appeal.

By letter dated June 4, 2020, the Office of the Administrative Law Judge ("ALJ"), United States Coast Guard, issued a decision to remand the matter to the DHS Privacy Office to provide a further explanation concerning whether any factual material could be segregated and produced. *See* Pls.' Ex. 5.  The ALJ's letter provided the DHS Privacy Office with 30 days from receipt of the letter to comply.  *Id.*

On August 20, 2020, the ALJ issued a second decision.  Pls.' Ex. 6.  The ALJ's August 20 letter stated that the DHS Privacy Office had not responded concerning the possible segregability of facts from the responsive records.  *Id.* at 1.  The ALJ's letter stated "because

another remand would only delay the final administrative action in this case, I am providing you with this letter constituting final agency action and you are now able to appeal this matter to Federal District Court to seek further relief." *Id.* at 1.  The remaining allegations consist of legal conclusions to which no response is required.  To the extent a response to any remaining allegations is required, they are denied.

## Parties

4.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 4.

5.   Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 5.

6.   Defendant admits the first sentence of Paragraph 6.  In response to the allegations in the second sentence, Defendant admits that it has located in its search Agency records that are responsive to Plaintiffs' request.  The remaining allegations consist of legal conclusions to which no response is required.

## Jurisdiction and Venue

7.   Paragraph 7 contains a conclusion of law concerning this Court's subject matter jurisdiction to which no response is required.

8.   Paragraph 8 contains a conclusion of law concerning venue to which no response is required.

9.   Paragraph 9 contains a conclusion of law concerning exhaustion of administrative remedies to which no response is required.  To the extent a response is required, admitted.

**Factual Allegations**

**DHS's Office for Civil Rights and Civil Liberties' Inspection and Investigation Reports**

10. Defendant admits that the Office of Civil Rights and Civil Liberties ("CRCL") is an office within DHS that is responsible for reviewing and investigating civil rights and civil liberties complaints. CRCL reviews and investigates complaints under 6 U.S.C. § 345 and 42 U.S.C. § 2000ee-1, Executive Order 13107 and disability accommodation complaints under Section 504 of the Rehabilitation Act of 1973.

11. Admitted.

12. Defendant lacks knowledge or information sufficient to lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 12. DHS has no record of releasing that document in response to any FOIA request; the redactions do not appear to have been created by the DHS FOIA Division.

13. The allegations in Paragraph 13 purport to characterize the contents of a report. Defendant respectfully refers the Court to the report for a full (to the extent not redacted) and accurate statement of its contents. Defendant also incorporates by reference its response to Paragraph 12. Defendant is unable to confirm whether this report was produced by DHS, as redacted in Plaintiffs' Exhibit 1, in response to a FOIA request.

**NPR's FOIA Request and Appeal**

14. Defendant admits that Plaintiffs submitted the subject FOIA request on or about December 5, 2019. Defendant admits that it assigned the request tracking number 2020-HQFO-00296. In response to the remaining allegations in Paragraph 14 that purport to characterize or summarize the records sought by the request, Defendant respectfully refers the Court to the FOIA request for a full and accurate statement of its contents. *See* Pls.' Ex. 2.

4

15. Defendant admits that it sent a final response to Plaintiffs dated March 16, 2020. Defendant further admits that the final response stated that DHS had determined to withhold in full all of the responsive records it had located pursuant to FOIA Exemptions 5 and 6. By way of further response, Defendant respectfully refers the Court to the March 16, 2020, decision letter for a full and accurate statement of its contents. *See* Pls.' Ex. 3.

16. Admitted. Defendant respectfully refers the Court to the administrative appeal for a full and accurate statement of its contents. *See* Pls.' Ex. 4.

17. Admitted. Defendant respectfully refers the Court to the ALJ's letter dated June 4, 2020, remanding Plaintiffs' administrative appeal to the DHS Privacy Office, for a full and accurate statement of its contents. *See* Pls.' Ex. 5.

18. Admitted. Defendant respectfully refers the Court to the ALJ's letter dated August 20, 2020, for a full and accurate statement of its contents. *See* Pls.' Ex. 6.

19. Admitted, as of the filing of the Complaint.

## Count I

20. NARA incorporates by reference its responses set forth above.

21. This paragraph contains conclusions of law to which no response is required.

22. Admitted.

23. This paragraph contains conclusions of law to which no response is required.

24. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied. By its express terms, the ALJ's letter dated August 20, 2020, constituted final agency action. *See* Pls.' Ex. 6 at 1.

25. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, denied.

**Request for Relief**

The remainder of the Complaint contains Plaintiffs' requests for relief to which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth therein and denies that Plaintiffs are entitled to the requested relief.

Dated:  October 8, 2020

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN
D.C. Bar No. 924092
Chief, Civil Division

By: /s/ Daniel P. Schaefer
DANIEL P. SCHAEFER
D.C. Bar No. 996871
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2531
Daniel.Schaefer@usdoj.gov

*Counsel for Defendant*